Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET**
  **LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, CA 90025
Tel: (310) 392-8801
Fax: (310) 278-5938
jlspielberg@jlslp.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
Tel: (310) 836-6000
Fax: (310) 836-6010
service@braunlawgroup.com

Joseph N. Kravec Jr. (admitted *pro hac vice*)
Maureen Davison-Welling (*pro hac* to be filed)
Wyatt A. Lison (*pro hac* to be filed)
**STEMBER FEINSTEIN DOYLE**
**PAYNE & KRAVEC LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
jkravec@stemberfeinstein.com
mdavidsonwelling@stemberfeinstein.com
wlison@stemberfeinstein.com

*Attorneys for Plaintiff*
*KIMBERLY S. SETHAVANISH*

Elizabeth L. Deeley (SBN 230798)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA  94104
Tel: (415) 439-1400
Fax: (415) 439-1500
elizabeth.deeley@kirkland.com

Gregg F. LoCascio, P.C. (admitted *pro hac vice*)
Jonathan D. Brightbill (admitted *pro hac vice*)
Dennis J. Abdelnour (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
655 Fifteenth Street, NW
Washington, DC  20005
Tel: (202) 879-5000
Fax: (202) 879-5200
gregg.locascio@kirkland.com
jonathan.brightbill@kirkland.com
dennis.abdelnour@kirkland.com

*Attorneys for Defendant*
*ZONEPERFECT NUTRITION COMPANY*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| KIMBERLY S. SETHAVANISH, | ) CASE NO. 12-CV-02907 SC |
| Plaintiff, | ) **STIPULATION AND [PROPOSED]** |
| vs. | ) **ORDER CONCERNING THE** ) **PROTOCOL FOR PRODUCTION OF** |
| ZONEPERFECT NUTRITION COMPANY, | ) **DOCUMENTS** |
| Defendant. | ) |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.  To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

(a) Only ESI in the form of e-mail, Network Shares/Homes Shares, and other custodian-based ESI created or received before June 30, 2012 will be preserved; otherwise, only ESI created or received before June 30, 2013 will be preserved.

(b) The parties have exchanged a list of the types of ESI they believe should be preserved and descriptions of the custodians for whom they believe ESI should be preserved.  The parties shall add or remove custodians as reasonably necessary.

(c) Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: digital voicemail, instant messaging, backup media, back-up tapes of Network Shares/Home Shares, back-up tapes of email, and disaster recovery tapes.

(d) In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: automatically saved versions of documents.

### 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

### 6. DE-DUPLICATION

To the extent that exact duplicate documents (based on MD5 or SHA-1 hash values) reside within a party's ESI data set, each party may produce only a single copy of a responsive document or record ("Single Production Copy"). Exact duplicates will be identified through calculation of MD5 or SHA-1 hash value and all de-duplication will occur at a family level.

### 7. PRODUCTION FORMATS

**A. Form of Production.** The parties will produce all documents as Group IV single page black and white TIFF format files imaged at 300 dpi, except that product labels and print advertisements which exist in color shall be produced in color. For all other documents (which will be produced in black and white) the producing party will honor reasonable requests made in good faith for either the production of the original document for inspection and copying or production of a color image of the document. Name each TIFF file with a unique name matching the Bates number labeled on the corresponding page. Image volumes will be limited to 1000 TIFF files.

    1. When processing ESI for review and for production in TIFF format, the producing party will instruct its vendor to force off Auto Date and unhide al hidden objects.

    2. When processing ESI, EST should be selected as the time zone and the producing party will note the time zone used in its processing. To the extent that a party has already processed ESI using a different time zone, the producing party will note the time zone used in its processing. Otherwise, Parties shall consistently produce all ESI processed using the same time zone. When a metadata field includes a date, the date shall be provided in the format defined in Section 7.K. below.

    3. The parties shall meet and confer to the extent reasonably necessary to facilitate the import and use of the produced materials with commercially available document

management or litigation support software.

**B.** **Image Load File.** Provide an image load file (*e.g.,* Opticon file or LFP) that contains document boundaries.

**C.** **Document Text.** For documents containing extractable text that were originally stored as native electronic files and which do not have redactions, the extracted, full text from the body of each document will be produced in a separate .txt file named for the beginning Bates number of the document. For documents that were originally stored as native electronic files and which have redactions, OCR text will be produced from the redacted image(s) associated with each document as a separate .txt file for each document named for the Bates number of the document. Any redacted, privileged material should be clearly labeled to show the redactions on the TIFF image.

**D.** **Excel and Other Spreadsheet Files.** Files created by Microsoft Excel or other spreadsheet programs shall be produced in native format with corresponding TIFF images of Bates-stamped slip sheets and appropriate confidentiality labeling. The parties will provide a relative file path or link to the native Excel in the .dat file. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g., "ABC00001.xls").

**E.** **Special File Types.** If production in native format is necessary to decipher the meaning, context, or content of a document produced in TIFF, the producing party will honor reasonable requests made in good faith for either the production of the original document for inspection and copying or production of the document in native format. Documents that are to be produced in a native format, but that require redactions will be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (*e.g.*, the file is a video or very large spreadsheet), as a copy of the native file with the relevant portions replaced with "[REDACTED]" or a similar mark. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g., "ABC00001.ppt").

**F.** **Production of Physical Documents.** Documents or records which either were originally generated as or converted into ESI but now only exist in physical hard-copy format, or

documents or records that were originally generated in hard-copy format, shall be converted to single page image files (BLACK AND WHITE Group IV TIFF) and produced following the same protocols set forth herein or otherwise agreed to by the parties. All such documents will be produced with an OCR file as outlined in Section 7.H. below.

**G.** **Document Unitization.** For files produced as either BLACK AND WHITE Group IV TIFF, each page of a document shall be electronically saved as an image file. If a document consists of more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image files.

**H.** The producing party shall produce a Load/Unitization file for all produced documents in accordance with the following formatting:

**OCR and Extracted Text Files (.TXT Files)**:

ESI shall be produced with multi-page searchable Extracted Text or OCR text. For documents that were originally stored as native electronic files and which do not have redactions, the extracted, full text from the body of each document will be produced. For documents that were originally stored as native electronic files and which have redactions, OCR text will be produced from the redacted image(s) associated with each document. Any such Extracted Text or OCR will be produced on a document level in the following format:

- Produce a single text file per document containing all the document's pages
- Filenames must be matched bates number in this form:

  <Bates num>.txt

  Where <Bates num> is the BATES number of the first page in the document.
- Text must be encoded in UTF-8.
- Text files will be located in a directory named "TEXT" that is separate from the TIFF image.

**Images Files**:
- Single page per image
- Black and White Group IV TIFF
- Filenames for images must be matched bates number in this form:

    &lt;Bates num&gt;.&lt;ext&gt;

    Where &lt;Bates num&gt; is the BATES number of the page, and &lt;ext&gt; is the appropriate extension for the image format (.jpg, .tif).

**Load/Unitization Files**:

- "Concordance Default" delimited text file utilizing the following characters:
    - The "comma" delimiter is """ (020)
    - The "quote" delimiter is "þ" (254)
    - The "new line" delimiter is "®" (174)
- First line must contain the column/field names (set forth in Paragraph 1(c) herein)
- Every row must have the same number of columns/fields (empty values are acceptable)
- Text must be encoded in UTF-8
- LFP IPRO LOAD FILE with relative pathing to the image files or OPT OPTICON LOAD FILE with relative pathing to the images files in the format preferable to the Receiving Party

Notwithstanding the foregoing, the parties agree to further meet and confer, as necessary, in advance of any production of documents, and in consultation with their respective vendors, to confirm all Load/Unitization file specifications.

  **I.**  **De-Duplication.**  The parties will perform duplicate consolidation as outlined above, producing a single unique copy of a given e-mail message and its attachments, or standalone file.

  **J.**  **Production Media.**  Documents shall be produced on CD-ROM, DVD, external hard drive (with standard PC compatible interface), .ftp site, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media").  Each item of Production Media shall include: (1) the production date, and (2) the Bates number range of the materials contained on such Production Media item.

  **K.**  **Document Metadata.**  Produce extracted metadata for each document in the form of a .dat file, and include the following fields, as shown in the table below.  If specific fields cannot be provided for a particular document because, e.g., the field is unavailable or contains privileged

information, the field should be left blank. When a metadata field includes a date, the date shall be provided in the following format in separate fields as specified below: mm/dd/yyyy or HH:mm:ssZ.

| Field | Description |
| --- | --- |
| Bates_Begin | The Bates label of the first page of the document. |
| Bates_End | The Bates label of the last page of the document. |
| Attach_Begin | The Bates label of the first page of a family of documents (*e.g.*, email and attachment). |
| Attach_End | The Bates label of the last page of a family of documents (*e.g.*, email and attachment). |
| File Name | The filename of an attachment or stand-alone e-file. |
| Custodian | The custodian(s) of the document. |
| Filename Extension | The original filename extension suffix (*e.g.*, .doc, .pps., .jpeg, .txt, .xls). |
| Subject | The subject of an email. |
| Sent_Date | For email, the sent date of the message. |
| Sent_Time | For email, the sent time of the message. |
| Create_Date | For efiles or attachments, the document's creation date or operating system creation date. |
| Create_Time | For efiles or attachments, the document's creation time or operating system creation time. |
| Modified_Date | For efiles or attachments, document's last modified date or operating system last modified date. |
| Modified_Time | For efiles or attachments, the document's last modified time or operating system last modified time. |
| Author | The author of a stand-alone efile or attachment. |
| From | The sender of an email message |
| To | The recipients of an email message, in a semi-colon delimited multi-value list. |
| CC | The copyee(s) of an email message, in a semi-colon delimited multi-value list. |
| BCC | The blind copyee(s) of an email message, in a semi-colon delimited, multi-value list. |
| MD5/SHA-1 | The calculated MD5 or SHA-1 hash value of the document |
| Native_File | The file path to the location of the native file if produced natively. |
| AEO Conf_Desig | The confidentiality designation, if any, for the document pursuant to any protective order in the case. |
| Production Volume Name | |
| Deduplicate Custodians | Identify all custodians who had an ESI copy of the produced document in list form separated by commas. |

Notwithstanding the foregoing, the parties will meet and confer in good faith as necessary prior to the production of documents, with technical experts as needed, to clarify or resolve any issues (e.g., definitions of metadata fields, inconsistencies, and burden) concerning the production of metadata.

**L.** **Attachments.** Email attachments must be mapped to their parent by the Document or Production number. BeginAttach and EndAttach fields must be populated for parent documents.

**M.** **Structured Data.** To the extent a response to discovery requires production of discoverable electronic information contained in a database, in lieu of producing the database, the parties may meet and confer, with an understanding of which fields are relevant, to attempt to agree upon the sets of data or fields to be included and generate a report in a reasonably usable and exportable electronic file (e.g., Excel or CSV format) for review by the requesting party or counsel. Upon review of the report(s), the requesting party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields. The parties reserve all rights to object, including but not limited to objections for relevance, undue burden, and/ or inaccessibility.

**8. PHASING**

The parties agree to meet and confer about the propriety of phasing any aspects of ESI discovery and, if necessary, the timing of any such phasing.

**9. DOCUMENTS PROTECTED FROM DISCOVERY**

(a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

(b) The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and 26(f)(3)(D) and reserve their rights to assert privilege as follows:

> The Producing Party notifies the Receiving Party in writing within ten business days after discovery of an inadvertent production or disclosure. Such inadvertently produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request, and the Receiving Party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned. In the case of an inadvertently produced or disclosed document, the Producing Party shall include the Discovery material in a privilege log identifying such inadvertently produced or disclosed document. The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use

the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

(c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**10. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: February 14, 2013      s/Jonathan D. Brightbill via email consent
                              Jonathan D. Brightbill
                              KIRKLAND & ELLIS LLP

                              *Attorneys for Defendant*
                              ZONEPERFECT NUTRITION COMPANY

Dated: February 14, 2013      s/Joseph N. Kravec, Jr.
                              Joseph N. Kravec, Jr.
                              STEMBER FEINSTEIN DOYLE PAYNE & KRAVEC, LLC

                              *Attorneys for Plaintiff*
                              KIMBERLY S. SETHAVANISH

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: __February 20__, 2013            _____
                                       The Honorable Samuel Conti
                                       United States District Judge