IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY S. SETHAVANISH, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ZONEPERFECT NUTRITION COMPANY,<br><br>    Defendant. | Case No. 12-2907-SC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING RE: STANDING |

Now pending before the Court is Plaintiff's motion for class certification. In opposition to the motion, Defendant argues that this case should be dismissed for lack of standing. To establish standing, Plaintiff has the burden to show: (1) "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) that it is likely "that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations omitted). The Court hereby Orders the parties to submit

supplemental briefing on whether Plaintiff has sustained an injury in fact.

The Court assumes familiarity with the facts of the case. In short, during the putative class period, Plaintiff purchased Defendant's ZonePerfect nutrition bars for her then-fiancé, James Colucci. Defendant represented that ZonePerfect nutrition bars are "All Natural." Plaintiff alleges that this statement is false because the nutrition bars contain synthetic ingredients. Plaintiff pleads that "she paid more money for the products than she would have had to pay for other nutrition bars that were not all natural." ECF No. 1 ("Compl.") ¶ 8. Plaintiff also pleads that "had [she] known the truth that [Defendant]'s Nutrition Bars were not all natural, she would not have purchased [Defendant]'s Nutrition Bars, but would have purchased another brand of nutrition bar that was truly all natural or, if one was not available, would have purchased other non-natural nutrition bars that were less expensive." Id. At her deposition, Plaintiff testified that she currently purchases another brand of nutrition bar, but she does not believe that nutrition bar is all natural.

Based on these facts, it appears that Plaintiff cannot establish injury merely by showing that she purchased a non-natural nutrition bar. There is no indication that ZonePerfect nutrition bars are unsafe to eat. Moreover, Plaintiff pleads that she was willing to purchase non-natural nutrition bars so long as those products were less expensive, and she testified that she currently purchases non-natural nutrition bars. In other consumer class actions, courts have held that a plaintiff can establish injury merely by showing that he or she would not have bought the product

but for the alleged misrepresentation.  See, e.g., Kwikset Corp. v. Super. Ct., 51 Cal. 4th 310, 330 (Cal. 2011).  In this case, Plaintiff essentially concedes that she would have purchased Defendant's product absent the alleged misrepresentations, so long as the price was right and all-natural nutrition bar alternatives were not available.

Plaintiff may be able to establish injury in at least two ways.  First, she could show that she paid a price premium for ZonePerfect nutrition bars.  That is, she could show that Defendant was able to charge more for ZonePerfect nutrition bars by representing that the products are all natural.  Plaintiff's expert, Gary French, opines that it is possible to calculate the price difference between Defendant's nutrition bars and comparable products that are not branded as all natural.  French Report ¶ 19.  However, French has yet to perform such a calculation, and Defendant's expert opines that Defendant's products are actually less expensive than competing nutrition bars.[1]

Second, Plaintiff could show that an all-natural nutrition bar was available at the time she purchased Defendant's nutrition bars.  Plaintiff has pled that she "is willing to and has paid a premium for foods that are all natural and has refrained from buying their counterparts that [are] not all natural."  Compl. ¶ 8.  Thus, Plaintiff could possibly establish that she was injured by showing that Defendant's alleged misrepresentations caused her to forgo purchasing another brand of nutrition bars that is all natural.

---

[1] Plaintiff's reply brief conflates the issue of whether damages can be calculated on a class-wide basis with the threshold issue of whether she sustained an injury in fact.

3

However, Plaintiff has yet to identify a single all-natural nutrition bar on the market.

Accordingly, the Court declines to rule on Plaintiff's motion for class certification until it reviews supplemental briefing on the issue of standing. The supplemental briefing shall address the following issues: (1) may the Court consider standing at the class certification stage (the Court presumes the answer is "yes"); (2) if so, what standard must the Court use to evaluate standing at the class certification stage; (3) what is Plaintiff's theory of injury in fact; and (4) what evidence does Plaintiff have to support that theory. Plaintiff shall submit a supplemental brief on these issues within seven (7) days of the signature date of this Order. Defendant may file a response to that brief seven (7) days thereafter. Supplemental briefs shall not exceed ten (10) pages.

IT IS SO ORDERED.

Dated: January 27, 2014

_____
UNITED STATES DISTRICT JUDGE