IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KIMBERLY S. SETHAVANISH, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ZONEPERFECT NUTRITION COMPANY,<br><br>　　　　Defendant. | Case No. 12-2907-SC<br><br>ORDER RE: MOTIONS TO SEAL |

　　Now pending before the Court is Defendant's administrative motion to file under seal portions of its sur-reply in opposition to Plaintiff's motion for class certification("the sur-reply), as well as Exhibits 18 and 19 to the Declaration of Janakan Thiagarajah in support of the sur-reply.  ECF No. 85.  Also pending before the Court is Plaintiff's administrative motion to file under seal portions of its opposition to Defendant's administrative motion for an evidentiary hearing on class certification and the accompanying declaration of Michael D. Braun.  ECF No. 87.

　　The motions are short and provide no explanation as to why the information at issue is protectable.  Moreover, it is unclear how

the parties could plausibly contend that some of the relevant information (including references to FDA regulations and the location of Defendant's manufacturing facilities) should be sealed. The parties appear to be working under the assumption that the Court will rubberstamp any motion to seal they file.  The Court declines to do so going forward.  Sealing of documents entails a significant administrative burden and undermines the public's right to access documents filed in federal court.

The Court advises the parties that calling something a trade secret does not make it so.  The Court also reminds the parties that information is not sealable merely because it is the subject of a stipulated protective order.  See Civ. L.R. 79-5(a) ("A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal."); ECF No. 49 ("Stip. Protective Order") § 12.3 ("a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law").

Within five days of the signature date of this Order, one or both parties may file a supplemental brief regarding the pending motions to seal.  The brief shall describe the information that is subject to the pending motions to seal and explain why that information is protectable.  If neither party files a supplemental brief by the deadline set forth above, the pending motions shall be denied.  Going forward, no motion to seal will be granted unless a moving paper or response is filed that meets these requirements. With respect to trade secrets, the Court encourages Defendant to

file declarations from an officer, director, or employee explaining why the relevant information is a trade secret and how that information is generally maintained.

IT IS SO ORDERED.

Dated: January 27, 2014

UNITED STATES DISTRICT JUDGE