United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KIMBERLY S. SETHAVANISH, on behalf ) Case No. 12-2907-SC
of themselves and all others )
similarly situated, ) ORDER DENYING MOTIONS TO
 ) SEAL
    Plaintiff, )
 )
  v. )
 )
ZONEPERFECT NUTRITION COMPANY, )
 )
    Defendant. )
_____ )

    Now pending before the Court is Defendant's administrative motion to file under seal portions of its sur-reply in opposition to Plaintiff's motion for class certification, as well as Exhibits 18 and 19 to the Declaration of Janakan Thiagarajah in support of the sur-reply. ECF No. 85. Also pending before the Court is Plaintiff's administrative motion to file under seal portions of its opposition to Defendant's administrative motion for an evidentiary hearing on class certification and the accompanying declaration of Michael D. Braun. ECF No. 87.

On January 27, 2014, the Court issued an order for supplemental briefing, directing the parties to explain why the information at issue should be subject to sealing. ECF No. 92. The Court explained that it would not grant a motion to seal merely because information was marked confidential and subject to a stipulated protective Order. Id. at 2. The Court further stated that it would deny the pending motions if the parties declined to file the requested supplemental briefing. Id.

Defendant has filed a supplemental brief regarding its pending motion. ECF No. 93. In that brief, Defendant argues that the subject information constitutes a trade secret. However, Defendant states that it would consent to the information being publicly filed because it relates to consumer perceptions of an advertising claim that Defendant no longer makes. Id. at 2. Defendant does not consent to the public disclosure of the underlying documents from which this information was drawn. Id. at 3. As Defendant does not object to the public filing of the sur-reply brief or the exhibits filed in connection with that brief, its administrative motion to seal is DENIED as moot.

Plaintiff has also filed a supplemental brief attempting to respond to the Court's concerns. Plaintiff wants the Court to seal the deposition testimony of Dr. Elizabeth Howlett, as well as references to that testimony in one of Plaintiff's briefs. Plaintiff claims that this information should be sealed because it is protected by the deliberative process privilege. In order to invoke the deliberative process privilege, Plaintiff should have provided a declaration from an agency head that asserted, among other things, specific facts demonstrating why the information is

2

deliberative and predecisional, and specific facts concerning the degree and type of harm that would result from the public disclosure of the information. <u>In re McKesson Governmental Entities Average Wholesale Price Litig.</u>, 264 F.R.D. 595, 602 (N.D. Cal. 2009). Instead, Plaintiff merely invokes the privilege without further explanation.

Plaintiff also cites to 21 C.F.R. § 20.62, which provides: "All communications within the Executive Branch of the Federal government which are in written form or which are subsequently reduced to writing may be withheld from public disclosure except that factual information which is reasonably segregable . . . ." However, the subject information pertains to FDA communications with Congress and non-governmental entities, not internal communications. Dr. Howlett also states that she has experience working with the FDA. However, she does not go into any detail, other than to generally comment that the "FDA is involved in regulation," that the FDA regulates certain labels that it believes to be important to consumers, that the FDA conducts research before promulgating such regulations, and that she has designed and reviewed some of this research. Moreover, it appears that some of the information discussed by Dr. Howlett is already publicly available online. To the extent that this information is privileged, it is unclear why that privilege was not waived when it was produced through discovery. Plaintiff's supplemental briefing does not address any of these issues.

///
///
///

1     For the foregoing reasons, the parties pending motions to seal
2 are DENIED.
3
4     IT IS SO ORDERED.
5
6     Dated: February 5, 2014
7                                    UNITED STATES DISTRICT JUDGE